IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PATRICK L. MARTINEZ,**

    **Plaintiff,**

**v.**                                                        **CIV-06-70 JH/ACT**

**CITY OF ALBUQUERQUE,**
**ALBUQUERQUE POLICE DEPARTMENT**
**OFFICERS JOHN DOES,**

    **Defendants.**

## MEMORANDUM OPINION and ORDER

This matter comes before the Court on Defendant City of Albuquerque's Motion to Dismiss [Doc. No. 7, filed Apr. 14, 2006], brought pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the Court concludes that Plaintiff Patrick L. Martinez's federal complaint was untimely filed, the Court will dismiss this case with prejudice.

In deciding a motion to dismiss for failure to state a claim, the Court applies the following standard:

> [A]ll well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party. It is true that dismissal under Rule 12(b)(6) is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice. It is also well established that dismissal of a complaint is proper only if it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.

*Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (internal quotation marks and citations omitted).

Martinez alleges that, on December 24, 2002, Albuquerque Police Officers entered his home while he was not present. *See* Compl. at 2-3. Upon being informed that the police were at his home,

he immediately returned home and asked for a search warrant, but the police did not produce one. *See id.* at 3. He asserts violation of his Fourth and Fourteenth Amendment constitutional rights by officers acting under color of state law, *see id.* at 3-4, which the Court construes as claims brought under 42 U.S.C. § 1983.

Defendant has moved to dismiss Martinez's federal suit as untimely filed. Civil rights actions brought under § 1983 are subject to the applicable state statute of imitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985). In New Mexico, "[a]ctions must be brought . . . for an injury to the person . . . within three years," N.M. Stat. Ann. § 37-1-8 (1978), thus there is also a three-year statute of limitations for § 1983 actions, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir.), *aff'd*, 471 U.S. 261 (1985). Federal law governs the time of accrual of § 1983 claims. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998). "Claims arising out of police actions . . . such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur," *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991), or "when the plaintiff knows or has reason to know of the injury which is the basis of his action," *id.* (internal quotation marks omitted).

Martinez knew that officers were searching his house without a search warrant on December 24, 2002, *see* Compl. at 3, so he had reason to know of the constitutional violations he alleges occurred on that same date. Therefore, his complaint, which was not filed until January 24, 2006, was untimely; his claims are time-barred; and his complaint must be dismissed. *See id.*

**IT IS ORDERED** that Defendant City of Albuquerque's Motion to Dismiss [Doc. No. 7] is **GRANTED**.

Dated this 24 day of October, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*
Patrick L. Martinez, pro se
801 John St. S.E.
Albuquerque, NM

*Attorney for Defendants:*
Robert M. White
P.O. Box 2248
Albuquerque, NM